Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors, to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

PEOPLE ex rel. McALLISTER STEAMBOAT CO., Applt., v. LAWSON PURDY et al., Respts. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Order affirmed, with costs. No opinion. Order filed.

PEOPLE ex rel. Thomas F. McGILVRAY and ano., Rel., v. George H. BELL, as Com'r, Respt. (Supreme Court, Appellate Division, First Department. February 18, 1916.) Writ dismissed, and proceedings affirmed, with $50 costs and disbursements. No opinion. Order filed.

PEOPLE ex rel. NEW YORK, WESTCHESTER & BOSTON RAILWAY CO., Respt., v. Frederick H. EBSTEIN, Receiver of Taxes, etc., Applt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

The PEOPLE, etc., ex rel. Wilbur O. POLHEMUS, relator, v. Charles HAGENDORF et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

The PEOPLE, etc., ex rel. Michael QUILLINAN, relator, v. Rhinelander WALDO, as Police Commissioner of the City of New York, respondent. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Writ dismissed, and determination confirmed, with $50 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Stapleton, Mills, and Rich, JJ., concur.

The PEOPLE, etc., ex rel. SANBORN MAP COMPANY, respondent, v. Peter CEDER, as president, etc., et al., appellants. (Assessments of 1913, 1914 and 1915.) (Supreme Court, Appellate Division, Second Department. January 19, 1916.) Motions to dismiss appeals granted, with $10 costs in each case.

PEOPLE ex rel. William J. SHEARER v. Michael F. BLAKE et al. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Motion granted, unless appellant complies with terms stated in order. Order filed.

The PEOPLE, etc., ex rel. W. Parker SMITH, relator, v. Charles HAGENDORF et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

The PEOPLE, etc., ex rel. Adolph D. TURNAU, relator, v. Charles HAGENDORF, et al., constituting the Board of Town Auditors of the Town of Ramapo, Rockland County, respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Determination, rejecting relator's bill entirely, annulled, with $50 costs and disbursements to relator, and matter of such bill remitted to board of town auditors to examine and audit same as a legal charge against the town, and upon such basis to determine and allow thereon such amount as it may find to be the reasonable value of the services rendered by relator. This decision is made on the ground that we think that this construction of section 178 of the Tax Law (Consol. Laws, c. 60) is required by the opinion in People ex rel. Supervisors of Ulster v. City of Kingston, 101 N. Y. 82, at 96, 4 N. E. 348. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

The PEOPLE, etc., ex rel. Edward M. UNDERHILL, respondent, v. Charles L. PHIPPS, as Comptroller of the County of Nassau, appellant. (Supreme Court, Appellate Division,

Second Department. March 10, 1916.) Final order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

The PEOPLE, etc., ex rel. Florence C. Young WOODSON, appellant, v. John MITCHELL et al., as Commissioners of Labor, etc., respondents. (Supreme Court, Appellate Division, Second Department. March 24, 1916.) Order affirmed, without costs, but without prejudice to any proceeding that the relator may be advised to take as to her restoration to the so-called civil service list. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

PEOPLE'S COAT, APRON & TOWEL SUPPLY COMPANY, appellant, v. Harry LIGHT and Samuel Cohen, respondents. (Supreme Court, Appellate Division, Second Department. March 17, 1916.) Motion denied, with $10 costs.

Meyer PERSKY, Applt., v. Frederick L. C. KEATING, Respt. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

Christian PETERSEN, respondent, v. EAST RIVER LAND COMPANY and Rickert-Finlay Realty Company, appellants. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Judgment affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.

PHILIP MUNTER CO. v. TOILETTE PRODUCTS CO. (Supreme Court, Appellate Division, First Department. February 11, 1916.) Application denied, with $10 costs. Order signed.

George PHILLIPS, appellant, v. B. F. GOODRICH COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Order affirmed, with $10 costs and disbursements. The order is not sufficiently broad to permit the plaintiff to be examined concerning specific convictions, as it does not contemplate the taking of illegal evidence. Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.

Dora PINES, appellant, v. William L. NEWTON et al., defendants; Ruel P. Smith, respondent. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Carr, Stapleton, Mills, and Putnam, JJ., concur.

PIONEER BARBER TOWEL SUPPLY CO., Applt., v. Augustus BRUNY, Respt. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

Saverio PISANIELLO, respt., v. Kellogg BOYNTON, as surviving partner of the copartnership composed of Kellogg Boynton and George McNally, doing business under the firm name and style of Boynton & McNally, applt. (Supreme Court, Appellate Division, Third Department. March 8, 1916.) Order unanimously affirmed, with $10 costs and disbursements.

Abraham PLOTKIN v. Jacob GOLDSTEIN. (Supreme Court, Appellate Division, First Department. March 10, 1916.) Motion granted, with $10 costs. Order filed.

Leo POHORILES, Respt., v. Morris ROSENBLOOM and ano... Applts. (Supreme Court, Appellate Division, First Department. March 10, 1916.) Order reversed, with $10 costs and disbursements, and motion granted. No opinion. Order filed.

Isaac POLSTEIN v. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORP. (Supreme Court, Appellate Division, First Department. February 11, 1916.) Application granted. Order signed.

In the matter of the probate of the instrument, dated May 8, 1912, of Charlotte POTTER, deceased. (Supreme Court, Appellate Division, Third Department. March 23, 1916.) Order affirmed, with $10 costs and disbursements. Kellogg, P. J., dissents.

John C. PRENDERGAST et al. v. CORDMEYER CO. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Application granted. Order signed.

Carol PRENDERGAST, appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Order reversed, with costs, and motion for new trial granted, costs to abide the event, upon the ground that the court erred in its charge upon the subject of adverse inference permissible to be drawn from the unexplained absence of a witness to a material fact. Wade v. City of Mount Vernon, 133 App. Div. 389, at 390, 117 N. Y. Supp. 356; Reehil v. Fraas, 129 App. Div. 563, at 566, 114 N. Y. Supp. 17. Thomas, Stapleton, Mills, and Putnam, JJ., concur. Jenks, P. J., dissents, upon the ground that the instructions in question as made at folios 652, 653 and 672 did not constitute capital error.

Joseph E. QUINN, respt., v. The FOUNDATION COMPANY, applt. (Supreme Court, Appellate Division, Third Department. March 8, 1916.) Judgment and order reversed, on the ground that the verdict is excessive, and new trial granted, with costs to the appellant to abide event, unless the plaintiff will stipulate to reduce the verdict to $12,000, in which event the judgment is modified, and, as so modified, judgment and order affirmed, without costs to either party. All concur, except Woodward, J., who votes for affirmance.